[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes to this court on a child support agreement filed by the Department of Social Services. The agreement pertains to support for one minor child Andrew Alers. The agreement was submitted with a photocopy of an acknowledgment of paternity purportedly executed by the plaintiff mother and the defendant on January 10, 2000. The copy is not certified and there is nothing to verify whether the document is filed anywhere or whether it has been rescinded or destroyed.
Recent statutory changes purport to confer upon the acknowledgment of paternity "the same force and effect as a judgment of the Superior Court" while eliminating the requirement of filing the document with the court and prohibiting "judicial ratification." Public Act No. 99-193 § 7. In December, 1999, the court Matasavage, F.S.M., in an unreported oral decision held that the failure to file at least a certified copy of the allegedly filed acknowledgment violated the State Separation of Powers doctrine. When the State refused to provide a certified copy, the pending support petition was dismissed. "the state's uncontested appeal of this decision was dismissed because the appeal petition was not filed with the appeal cover sheet, but after the expiration of the appeal period. Cintron v. Valentin, superior court, judicial district of New Britain, doc. no. CT Page 9835 FA99-0498286 (May 17, 2000, Dranginis, J.). Copies of both decisions are appended hereto.
The concept of an unrecorded document which is given the effect of a judgment of the court while precluding the court from even reviewing the document suggests multiple problems to this court. Even more alarming is the concept that this document purports not only to determine important legal rights between the parties with substantial consequences but also to permanently determine the heritage of a third party — the child — without his or her participation or representation in the process. However, in view of the failure of the State's uncontested appeal of Judge Matasavage's decision, this court regards that holding as established law unless and until the Appellate Court or Supreme Court of this State determine otherwise. Therefore, an analysis of the other concerns stated may await a more opportune time.
In this matter, the court will act on the proffered agreement upon the filing with the court of the acknowledgment of paternity; a duplicate original of the acknowledgment of paternity (original signatures, the rest of the document may be copied or duplicated) or a certified copy from the custodian of the recorded original, together with verification that the document has not been rescinded. The matter is continued to this court's docket of Monday, October 23, 2000 for that purpose.